UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENDRA ORR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-CV-00070 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant Collier's Motion to Dismiss. *See* Dkt. 12. After reviewing the Motion to Dismiss, the response, the pleadings on file, and the applicable law, I recommend that the Motion to Dismiss be **GRANTED**.

## BACKGROUND

Plaintiff Kendra Orr brings this lawsuit against Bryan Collier ("Collier"), the Executive Director of the Texas Department of Criminal Justice ("TDCJ"), and three other TDCJ officers. For purposes of the Motion to Dismiss, I am required to accept, as true, the well-plead factual allegations in the Complaint. The Complaint alleges, in relevant part, as follows: Orr's husband is an inmate at the TDCJ's Darrington Unit. On January 25, 2018, Orr contacted the warden's secretary regarding a planned visit to the facility. An argument between Orr and the secretary ensued concerning the TDCJ's policy for extended visits when a visitor travels from a certain distance. Orr subsequently contacted the ombudsman's office to obtain a proper understanding of the correct visitation rules. Orr

visited her husband without incident on February 17, 2018. That visit was an extended visit.

After that visit, TDCJ officials harassed and intimidated Orr's husband, pressuring him to falsely admit that Orr used a fake out-of-state address in an effort to gain extended visitation rights. The TDCJ sent Orr a letter in March 2018 notifying her that she had been removed from her husband's visitation list for (i) falsifying her address; and (ii) her husband's access to a cell phone in the penal institution of which Orr was reportedly aware. Orr claims these alleged justifications are false. She maintains that she never falsified her address. Orr also strongly denies that she and her husband used or admitted to using a cell phone in the Darrington Unit. Orr alleges that her removal from her husband's visitation list was an act of retaliation for having contacted the ombudsman's office.

In this lawsuit, Orr contends that Collier violated her right to freedom of association under the First Amendment "by creating the 'current' offender visitation policy that allows and[/]or grants permission to either grant or deny an offender certain visitors." Dkt. 1 at 3. Orr also asserts that Collier violated her Fourteenth Amendment due process rights through the creation of the visitation policy. Orr brings this suit against Collier under 28 U.S.C. § 1983 in both his official and individual capacities.

Collier has filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Collier asserts that (i) Orr's "official capacity claims for money damages against Collier should be dismissed because they are barred by the Eleventh Amendment;" and (ii) Orr "has failed to state a claim upon which relief can be granted and her individual capacity claims should be dismissed." Dkt. 12 at 2. Orr also brings claims

against three other TDCJ officers, but the current Motion to Dismiss only addresses the claims raised against Collier.

Under the Local Rules for the Southern District of Texas, which give a non-movant 21 days to respond to a motion, Orr should have filed a response to the Motion to Dismiss by June 3, 2020. *See* S.D. TEX. R. 7.3. I specifically mentioned to Orr at the June 10, 2020 initial scheduling conference in this matter that no response to the Motion to Dismiss had been filed and encouraged her to file one. To date, Orr has not filed a response to the Motion to Dismiss. Even so, the Fifth Circuit has held that it is improper to grant a motion to dismiss solely based on a plaintiff's failure to respond under the Local Rules. *See Johnson v. Pettiford*, 442 F.3d 917, 918-19 (5th Cir. 2006). Accordingly, I will consider the Motion to Dismiss on the merits.

## DISCUSSION

**A.     Rule 12(b)(1) Motion to Dismiss**

Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. In this case, Collier argues that any claim for monetary relief against him in his official capacity is barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. Amend. 11. Thus, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in

3

federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "This bar remains in effect when state officials are sued for damages in their official capacity . . . because . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Id.* (internal citation and quotation marks omitted).

The TDCJ is an agency of the State of Texas, and it possesses Eleventh Amendment immunity to suit for money damages. Collier is employed by the TDCJ. Any claim for monetary damages against Collier in his official capacity is, therefore, barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). Consequently, I recommend that the claims against Collier for monetary relief in his official capacity be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.    Rule 12(b)(6) Motion to Dismiss**

Under Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the plaintiff to relief. *See* Fed. R. Civ. P. 12(b)(6). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

4

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

It is hornbook law that supervisory officials like Collier, the Executive Director of the TDCJ, cannot be held liable for civil rights violations allegedly committed by their subordinates on a theory of strict or vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinate's actions under Section 1983); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under [S]ection 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). In order to successfully plead a cause of action in a civil rights case, a plaintiff must articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "A supervisory official may be held liable. . . if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

As noted, Orr complains that Collier, in his role as head of the TDCJ, put into place a "visitation policy that allows and[/]or grants permission to either grant or deny an offender certain visitors." Dkt. 1 at 3. It is the implementation of this policy, Orr complains, that violates her First and Fourteenth Amendment rights because correctional officers applied "it in an arbitrary manner. . . to create and[/]or fabricate testimony and[/]or

5

documents, sole[l]y to satisfy their own malicio[u]s and sadistic whims, with no legitimate penological purpose." *Id.* at 3-4. Tellingly, Orr never alleges that Collier personally participated in any decision to grant or deny visitation rights. Collier may not be held liable simply because he is the Executive Director of the prison system.

To properly state a Section 1983 claim against Collier for implementing an unconstitutional visitation policy, Orr must allege enough to show that Collier adopted and implemented the policy at issue not for a neutral reason, but specifically for an improper purpose. *See Iqbal*, 556 U.S. at 677. The allegation that Collier implemented a visitation policy that allowed for discretion by prison officials is wholly insufficient to allege that the policy itself is unconstitutional. I, therefore, recommend that the claims brought against Collier in his individual capacity be dismissed.

## CONCLUSION

For the reasons stated above, I recommend that Collier's Motion to Dismiss (Dkt. 12) be **GRANTED**, and Collier be dismissed from this case.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 28th day of July, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE