# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| KENDRA ORR, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-cv-00070 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Defendants' Motion for Summary Judgment. *See* Dkt. 24. Having reviewed the briefing, examined the record, and analyzed the relevant law, I recommend that Defendants' Motion for Summary Judgment be **GRANTED**.

## BACKGROUND

Plaintiff Kendra Orr ("Plaintiff") contests the decision by Texas Department of Criminal Justice ("TDCJ") officials to prohibit her from visiting her husband, Charles Orr, a TDCJ inmate. Proceeding under 42 U.S.C. §1983, Plaintiff alleges that TDCJ officers Michael Butcher, James Danheim, and Timothy Williams (collectively, "Defendants")[1] violated her First Amendment right to associate with her husband and her Fourteenth Amendment due process rights.

The summary judgment evidence is undisputed. On February 28, 2018, TDCJ initiated an investigation into whether Plaintiff falsified her out-of-state address to qualify for longer visitations with her husband. On March 1, 2018, in a monitored phone call, Charles Orr warned Plaintiff about the investigation, to which Plaintiff responded: "You told me all that last night." Dkt. 24-3 at 6. That

---

[1] Initially, Orr included Bryan Collier ("Collier"), the Executive Director of the TDCJ, as a defendant. Collier moved to dismiss the claims against him, and that motion was granted last summer.

statement raised an alarm since the prison phone logs indicated that Charles Orr had made no phone calls the previous day.

Concerned that a contraband cellphone was being used to contact Plaintiff, TDCJ officials interviewed Charles Orr. He admitted that he did, in fact, use a cell phone on February 28, 2018 to contact his wife. As a result of Plaintiff's participation in communications using an illegal cellphone, TDCJ officials notified Plaintiff on March 1, 2018, that she was being removed from her husband's approved visitor list.

A disciplinary proceeding was brought against Charles Orr for possessing a cellphone. Charles Orr did not appear at the disciplinary hearing, and he was found guilty. In terms of Plaintiff's removal from her husband's visitation list, a Director's Review Committee ("DRC") reviewed the decision on multiple occasions in 2018, 2019, and 2020. Each time, the DRC upheld the removal.

Defendants have filed a motion for summary judgment seeking to dispose of all claims brought by Plaintiff. Plaintiff has not responded to the motion. Although the Local Rules state that a failure to respond to a motion will be taken as a representation of no opposition, *see* S.D. TEX. LOC. R. 7.4, the party moving for summary judgment still must show that they are entitled to judgment as a matter of law. *See John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985) ("[S]ummary judgment cannot be supported solely on the ground that [the plaintiff] failed to respond to a defendants' motion for summary judgment.").

## SUMMARY JUDGMENT STANDARD

"Summary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). *See also* FED. R. CIV. P. 56(a). A fact issue is material "only if its resolution could affect the outcome of the action." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 877 (5th Cir. 2003) (quotation omitted). When deciding whether a fact issue exists, I must review the evidence

and the inferences drawn therefrom in the light most favorable to the nonmoving party. *See Bourne v. Gunnels*, 921 F.3d 484, 492 (5th Cir. 2019).

## THERE IS NO COGNIZIBLE CONSTITUTIONAL CLAIM

To have a viable claim under § 1983, Plaintiff must allege that a state actor deprived her of a right secured by the Constitution or the laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). As already noted, Plaintiff asserts that Defendants violated her First Amendment right to associate with her husband and her Fourteenth Amendment due process rights.

Plaintiff's constitutional claims fail as a matter of law because the Fifth Circuit has repeatedly held that a convicted prisoner's "[v]isitation privileges are a matter subject to the discretion of prison officials." *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975). As such, there is simply no constitutionally protected right to prison visitation for prisoners or their families. *See, e.g., Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) ("[P]risoners have no absolute constitutional right of visitation."); *Thorne v. Jones*, 765 F.2d 1270, 1274 (5th Cir. 1985) (holding prisoner had no constitutional right to visits from his parents); *Lynott v. Henderson*, 610 F.2d 340, 342 (5th Cir. 1980) ("Convicted prisoners have no absolute constitutional right to visitation."). That rule holds true even for spouses and intimate partners. *See McKnight v. Johnson*, 277 F.3d 1373, 2001 WL 1485802 (5th Cir. 2011) (holding that spouses have no constitutional right to visitation); *Young v. Vaughn*, No. CIV. A. 98-4630, 2000 WL 1056444, at *2 (E.D. Pa. Aug 1, 2000) ("Convicted prisoners, their family and spouses have no constitutional right to visitation," and "[f]ace to face contact with a spouse is important in a marriage, but it is not a federal constitutional right."); *Walters v. United States*, No. CIV. A. 94-1801, 1995 WL 144657, at *1 (E.D. Pa. Mar. 14, 1995) (Prisoner's wife's claims dismissed because she "has no constitutional rights that could have been violated" and "[s]he herself has no right to visitation or telephone contact with her inmate husband.").

3

The Fifth Circuit's decision in *McKnight* is particularly instructive. In that case, three former prison employees whose husbands were prison inmates had their visitation rights terminated. The reason? Prison officials determined "that the former employees' knowledge of prison procedure puts at risk prison security." *McKnight*, 277 F.3d 1373, at *1. The spouses filed suit, arguing that prison officials violated their First Amendment right to intimate association. In rejecting the spouses' constitutional claim, the Fifth Circuit explicitly held that the spouses did not have "a clearly-established right to visit their inmate-husbands." *Id.*

> True, prison walls do not form a barrier separating prison inmates from the protections of the Constitution. But legitimate penological objectives require that we not undo official actions or regulations so long as they are reasonably related to the stated objectives. Consistent with this standard, we have upheld the constitutionality of bans on conjugal visits between an inmate and his spouse as to each. More to the point, we have held that incarcerated persons maintain no right to simple physical association—with their parents or with anyone else—grounded in the first amendment.

*Id.* (cleaned up). The facts of the instant case are strikingly similar to *McKnight*. Here, prison officials rescinded Plaintiff's visitation rights after determining that her illicit communications with her inmate husband using a contraband cellphone put prison security at risk. This is hardly an unreasonable or irrational justification for banning visits between Plaintiff and her inmate-husband. *See Ware v. Morrison*, 276 F.3d 385, 387–88 (8th Cir. 2002) (the decision to curtail a spouse's visitation privileges is discretionary and does not implicate the prisoner's constitutional right to due process); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) (same).

Because the decision by prison officials to terminate visits between Plaintiff and her inmate-husband does not amount to the deprivation of a constitutional right, Plaintiff's constitutional claims must be dismissed. Dismissal is also proper under the qualified immunity doctrine because Plaintiff cannot make out a clearly established constitutional right.

## **CONCLUSION**

For the reasons stated above, I recommend that the Defendants' Motion for Summary Judgment (Dkt. 24) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 4th day of June 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

5